Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 5543 | DATE | 4/25/2001 |
| CASE TITLE | Watson vs. Borg Warner | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** The motion (Doc 15-1) to dismiss is granted in its entirety.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | 19 |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GLORIA J. WATSON, )
)
    Plaintiff, )
)
vs. ) 00 C 5543
)
BORGWARNER TRANSMISSION )
SYSTEMS INC., (incorrectly identified )
in Complaint as BORG WARNER )
SPRING DIVISION), )
)
    Defendant. )

DOCKETED APR 26 2001

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on Defendant BorgWarner Transmission Systems Inc.'s motion to dismiss the complaint. For the reasons set out below, the motion is granted.

## BACKGROUND

This case arises out of Plaintiff Gloria Watson's ("Watson") former employment at Defendant BorgWarner Transmission Systems Inc. ("BorgWarner"). Watson was fired from her job at BorgWarner on April 26, 1999. She filed a discrimination charge against BorgWarner with the Equal Employment Opportunity Commission ("EEOC") on or about February 1, 2000. In her EEOC charge, Watson alleged that BorgWarner

19

had discriminated against her on the basis of her disabilities in violation of the Americans with Disabilities Act of 1990 ("ADA"). On April 14, 2000, the EEOC sent Watson a Notice of Right to Sue via certified mail. Watson never collected the right to sue letter from the post office, and the letter was returned to the EEOC. Watson called the EEOC to check on the status of her case and was told that a right to sue letter had been sent. She informed the EEOC that she had not received the letter, and the EEOC agreed to resend it by regular mail. It did so on or about June 7, 2000. Watson asserts in her response to the motion to dismiss that she received the letter on June 9, 2000; according to the allegations in the complaint, she received it on June 10.

Watson filed this pro se complaint against BorgWarner on September 8, 2000. In her complaint, Watson alleges that she was discriminated against at BorgWarner on the basis of sex and disability, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the ADA. BorgWarner filed this motion to dismiss on March 6, 2001.

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to determine whether the plaintiff has stated a claim upon which relief can be granted. See Pickrel v. City of Springfield, Ill., 45 F.3d 1115, 1118 (7th Cir. 1995). The court must accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff. See Turner/Ozanne v. Hyman/Power, 111 F.3d 1312,

1319 (7th Cir. 1997). Dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts to support allegations in the claim. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Sherwin Manor Nursing Center, Inc. v. McAuliff, 37 F.3d 1216, 1219 (7th Cir. 1994); Strasburger v. Board of Educ., 143 F.3d 351, 359 (7th Cir. 1998). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of a cause of action. See Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992). However, a pro se complaint is held to "less stringent standards than formal pleadings drafted by lawyers." See Henderson v. Sheahan, 196 F.3d 839, 845 (7th Cir. 1999). Accordingly, with these principles in mind we turn to the motion before us.

## DISCUSSION

### I. Statute of limitations

BorgWarner moves to dismiss the complaint as untimely under 42 U.S.C. §2000e-5(f)(1) and 42 U.S.C. §12117(a). Under the ADA and Title VII, a plaintiff is required to bring suit within 90 days of receipt of a Notice of Right to Sue from the EEOC. The 90-day period commences when a plaintiff receives "actual notice" of her right to sue. See Houston v. Sidley & Austin, 185 F.3d 837, 839 (7th Cir. 1999) (citations omitted). A plaintiff receives such "actual notice" on the date when she, or her attorney, obtains physical possession of the right to sue letter issued by the EEOC. See Jones v. Madison Service Corp., 744 F.2d 1309, 1312 (7th Cir. 1984).

According to her response to the motion to dismiss, Watson actually received the right to sue letter by regular mail on June 9, 2000. The complaint was filed 91 days later, on September 8. If we take the assertion in Watson's response brief at face value, therefore, the complaint would be untimely. Yet Watson alleges in her complaint that she did not receive the right to sue letter until June 10. Using this date, the complaint would be timely filed – on the last day of the statutory period.

We need not resolve this conflict, because the actual notice rule does not apply to a plaintiff who fails to receive actual notice of her right to sue through her own fault. See Houston, 185 F.3d at 839 (citing St. Louis v. Alverno College, 744 F.2d 1314, 1316-17 (7th Cir. 1984)). Under normal circumstances, when the EEOC sends a right-to-sue letter by certified mail, the 90-day limitations period presumptively begins to run on the day the plaintiff actually receives the letter. Houston, 185 F.3d at 839. However, where the plaintiff fails to pick up the letter before the Post Office returns it to the EEOC, the plaintiff has the burden of producing facts which explain why she did not get the letter within the date specified by the Post Office. Id. at 840, n. 5. Watson has not offered any such explanation. She merely states that she did not receive the letter. (See Answer to Motion to Dismiss at p. 2.) This statement alone is insufficient. If Watson can produce facts from which the Court can determine whether she was not at fault for her failure to receive the right to sue letter by certified mail, she may seek leave of court to present those facts in an amended complaint. As they stand,

however, Watson's complaint and brief do not support application of the actual notice rule.

Watson's pro se status does not alter the conclusion in this case. As this Court has admonished on prior occasions, "the time limit is not flexible, even for pro-se litigants." See Davis v. Browner, 113 F. Supp. 2d 1223, 1226 (N.D. Ill. 2000); see also Wilson v. Doctors Hosp. of Hyde Park, 909 F. Supp. 580, 581 (N.D. Ill. 1996) (pro se plaintiff cannot file claim beyond statutory 90-day period without specified basis for equitable tolling). And while equitable tolling may be available in some Title VII cases, see Irwin v. Dept. of Veteran Affairs, 498 U.S. 89, 95-96, 111 S.Ct. 453 (1990), Watson has not set forth a basis for such relief here. The Supreme Court has held that equitable tolling should be applied sparingly and does not extend to what appears to be a "garden variety claim of excusable neglect." Irwin, 498 U.S. at 96. The Seventh Circuit has further "restricted and reserved equitable tolling only for those extreme situations in which the claimant has made a good faith error (e.g. brought suit in the wrong court) or has been prevented in some extraordinary way from filing his complaint in time." See Jones v. Madison Service Corp., 744 F.2d 1309, 1314 (1984). Watson does not allege any such extraordinary circumstances in her complaint.

In sum, even if we accept as true the more favorable of Watson's two allegations – that she actually received the right to sue letter on June 10, 2000 – we cannot find that the complaint was timely filed. Watson has not established that she is entitled to

the benefit of the actual notice rule or to an equitable tolling of the statute of limitations. As a result, we must apply the traditional presumption that the right to sue letter was received five days after it was issued, i.e. on April 19, 2000. See Lloyd v. Sullivan, 882 F.2d 218 (7th Cir. 1989). The complaint was filed more than 90 days later and is therefore dismissed as untimely.

## II. Exhaustion of remedies

Watson's sex discrimination claim must be dismissed for an additional, alternative reason: she failed to include any allegation of sex discrimination in her EEOC charge. As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that are not included in her EEOC charge. Cheek v. Western and Southern Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994). The Court therefore lacks jurisdiction over Watson's sex discrimination claim.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is granted in its entirety.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: April 25, 2001